
ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
NOV 15
NANCY DOHERTY, CLERK
BY_____
Deputy

| | |
|---|---|
| LATRESA DENISE ROBERTS, § <br> Plaintiff, § <br> § <br> v. § <br> § <br> STORAGE AND RELOCATION § <br> SERVICES, INC., HIRE SOLUTIONS, § <br> INC., HIRE SOLUTIONS, L.L.C. § <br> CHRIS TINGIRIDES AND § <br> MARK J. HAAG § <br> Defendants. § | CIVIL ACTION NO._____ <br><br> 3-99CV2593-G |

### PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

**COMES NOW**, Latresa Denise Roberts, hereinafter referred to as Plaintiff, complaining of Storage and Relocation Services, Inc., Hire Solutions, Inc., Chris Tingirides and Mark J. Haag. hereinafter referred to as Defendant "Storage Services," "Hire Solutions", "Tingirides" and "Haag" and for cause of action would respectfully show the Court as follows:

### I.
### JURISDICTION AND VENUE

1. This Court has jurisdiction over this action pursuant to 42 U.S.C. § 1001 et sec., as Plaintiff alleges violations occurring under the Sexual Harassment in Violation of Title VII - Hostile Environment; Retaliation in violation of § 21.055 of TCHRA and 42 USC § 12203, and retaliation in violation of Section 451.001 of the Texas Workers Compensation Act.

2. Plaintiff, Latresa Denise Roberts (hereinafter "Roberts"), is an individual residing in Dallas County, Dallas, Texas. Plaintiff has fulfilled all administrative prerequisites to file suit under

Title VII; and, has filed this suit within ninety days of receiving her EEOC "Right to Sue" notice. At all times material herein, Plaintiff was employed by and for defendants.

3. Defendant Hire Solutions, Inc., is a corporation and may be served with process by serving its registered agent Mark Haag, 2856 E. Imperial Highway, Brea, California 92621.

4. Defendant Hire Solutions, L.L.C., is a corporation and may be served with process by serving its registered agent Mary Hale, 23 Victoria Drive, Rowlett, Texas 75088.

5. Defendant Storage & Relocation Services, Inc., is a corporation and may be served with process by serving its registered agent Chris Tingirides, 14400 Industry Circle, La Mirada, California 90638.

6. Defendant Tingirides is an individual residing in La Mariada, California and may be served at his place of employment at Storage & Relocation Services, Inc., 14400 Industry Circle, La Mariada, California 90638.

7. Defendant Haag is an individual residing in Brea, California and may be served at his place of employment at Hire Solutions, Inc., at 2856 Imperial Highway, Brea, California 92821.

8. Venue is proper in the Northern District of Texas pursuant to 28 U.S.C. § 1391, because the claim arose in whole or in part in Dallas County, Texas.

9. At all times material herein, Defendants acted by and through their corporation, business, employees, agents, managers and vice principles.

10. At all times material herein, Chris Tingirides was an agent for Defendant Storage & Relocation Services, Inc.,

11. At all times material herein, Mark Haage was an agent for Defendant Hire Solutions, Inc.

12. At all times material herein, Chris Tingirides and Mark Haage acted within the course and

scope of their employment.

13. At all times material herein, Defendants, through their agents, managers and/or vice principles, either committed the conduct or authorized, encouraged, condoned and/or ratified the conduct complained of below and Defendants, accordingly, are responsible for all conduct described below.

## II.
## FACTUAL SUMMARY

14. Roberts is a female and began her employment with Defendants' on July 4, 1997.

15. On July 4, 5, and 6, 1997 while Roberts was on a company sponsored cruise to Mexico, she was propositioned by Mr. Chris Tingirides to engage in sexual acts with he and his wife who he said had recently had a breast augmentation. Roberts told him she was not interested. Over the next few days of the cruise, Mr. Tingirides joked about it three more times until Roberts was forced to rearrange her entertainment scheduled to avoid Tingirides.

16. Roberts was sexually harassed by Defendant Tingirides starting on July 4, 1997 and continuing through January 1998. Defendant Tingirides, made sexual remarks, sexual advances, and behaved in a lewd and impermissable manner.

17. Roberts notified her supervisor and alternate supervisor in writing of these incidents and was assured that it would be discussed with Mr. Tingirides.

18. Throughout her employment at Hire Solutions, Inc., et al., Roberts was subjected to a pervasive series of offensive sexual conduct which created a hostile working environment.

19. On October 24, 1997 Roberts was hurt on the job when involved in a motor vehicle accident. She was on company time, on company business and the accident investigation resulted in

the other driver being at fault.

20. Roberts informed Mr. Tingirides of the accident and asked for the Workers Compensation Insurance Company's information. Tingirides refused to give Roberts the information and told her he was trying to save money on Worker's Compensation Insurance Premiums and to use her own personal health insurance instead. He told her that the company had a lot of claims and anyone that gets hurt has to their personal health insurance and that he had a working agreement with the health insurance company giving him permission to do this. Further, Tingirides told her that she still needed to be at work since it was vital that she be in the office and if she wanted to quit to go ahead because he had previously fired people who did not support the company.

21. On November 19, 1997 Roberts informed Tingirides of the need for her to have the Workers Compensation Insurance Information and he told her that if she filed a Worker's Compensation Claim she would be terminated immediately.

22. In January 1998 Roberts' physician tells her that as a result of the injuries she sustained in the motor vehicle accident it was medically necessary for her to have lumbar surgery and that he would file with the Texas Workers Compensation Commission for authority to operate.

23. On February 11, 1998 Tingirides tells Roberts that he went through her computer, brief case and personal mail and found the letters she had written to the EEOC and that he knew her doctor had contacted the State of Texas regarding the Worker's Compensation Claim. He told her to write a letter to the EEOC and retract her allegations or he would fire her and make her life miserable.

24. Tingirides fires her immediately for "not supporting the company."

25. Roberts contacts Mr. Mark Haag of Hire Solutions, Inc., and told her that Chris Tingirides has had a lot of Workers Compensation Claims in the past year and he would work very hard to dispute them. He refuses to release to Roberts the workers compensation information, curses maliciously at her and hangs up the phone.

26. February 12, 1998, Mr. Mark Haag contacts Roberts Physician and told her Doctor that Roberts had been fired for stealing and submitting a false Workers Compensation Claim. Haag tells Roberts' physician to not treat her.

27. February 1998 Roberts contacts Haag asking for her 1997 W-4 tax form. He maliciously curses at her and refuses.

28. March 1998, Roberts finally gets the name and address of the Workers Compensation Carrier. Haag contacts Roberts and tells her that "if you do not get back to work soon you will regret it". He further tells her that "if you do not return quickly and when you do go back to work I will stick you in the corner holding a clipboard until you quit."

29. On March 9, 1998 Roberts goes to the Dallas office to pick up her personal items and is told by Manager Ken Naffziger that he will not release any of her personal property to her which include her briefcase and computer that was purchased by her, and for her use.

30. March 13, 1998, Tingirides sends Roberts a letter informing her not to come on the premises and to send his attorney in California a list of what personal items are still remaining in their office. Mr Haag states "if you drop the Workers Compensation Claim and Sexual Harassment Claim you will get back your personal items and mail."

31. March 1998 Mr. Haag continues his refusal to give Roberts her last paycheck and 1997 W-4 form and tell her "you're not going to get it since you filed a Workers Compensation Claim.

He again curses maliciously at her.

32. January 1999, Roberts is contacted by an anonymous employee of Storage and Relocation Services, Inc., advising her that a fellow employee is taking her personnel file using it to assume her identity and order credit cards. Roberts contacts Haag and Tingirides regarding this matter and they tell her "this is what happens when you do not support the company."

33. February 1999 to present, other unidentified employees of Tingirides and Haag contact Roberts offering her the opportunity to "buy" her personnel file for $500.00 Roberts refuses. Then Roberts begins to find copies of personal information out of her personnel file and briefcase are being placed on her vehicle.

33. She instituted a claim with the EEOC.

34. Upon learning that she filed a claim of sexual harassment with the EEOC she was terminated immediately.

## III.
## CAUSES OF ACTION

A. **Sexual Harassment in Violation of Title VII - Hostile Environment**

35. Roberts realleges and incorporates herein all preceding paragraphs of this complaint.

36. Throughout her employment at Hire Solutions, Inc., Roberts was subjected to a pervasive series of offensive sexual conduct which created a hostile working environment.

37. Hire Solutions, Inc., created and/or maintained such hostile environment in at least the following respects:

   a. by creating more onerous working conditions for Roberts because of her sex and because of her opposition to unwelcome sexual harassment from Tingirides;

b. by condoning and permitting unwelcome vulgarity, profanity and verbal conduct of a sexual nature, including but not limited to sexually explicit conversation regarding Roberts which created a threatening, inundating and hostile working environment sufficiently severe and pervasive so as to alter the terms and conditions of Roberts's employment, and,

c. by tolerating, condoning and encouraging the conduct of Tingirides, thereby perpetuating sexual harassment and discrimination against employees such as Roberts in contravention of Title VII.

B. **Retaliation**

38. Roberts realleges and incorporates herein all preceding and subsequent paragraphs of this Complaint.

39. Defendants' retaliated against Roberts in violation of 42 USC § 12203 and 21.055 of the TCHRA. Roberts filed a charge of sexual harassment and discrimination with the EEOC December 21, 1998. Soon thereafter she was subjected to an increase in workplace harassment.

40. As a proximate result of Defendants' intentional and outrageous conduct, Roberts has suffered extreme and continual physical and emotional distress.

41. Defendants' conduct, committed by themselves, their agents and employees during the course and scope of their employment, was intentional and committed with such conscious indifference to the rights of Roberts as to amount to intentional infliction of emotional and physical distress. Defendants' actions have resulted in injury to Roberts, for which injury Roberts now seeks damages and punitive damages.

42. All of these actions constitute retaliation for filing a charge of discrimination with the EEOC. As a proximate result of Defendants' blatant retaliatory conduct, Roberts has suffered extreme and continual physical and emotional distress, mental anguish and an extreme delay for medical treatment for her injuries.

## IV.
## VIOLATION OF TEXAS WORKERS COMPENSATION ACT

43. Roberts realleges and incorporates herein all preceding paragraphs of this complaint.

44. Ms. Roberts was terminated in retaliation for filing a Worker's Compensation claim in violation of Section 451.001 of the Texas Workers Compensation Act. The act specifically provides that a person may not discharge or in any other manner discriminate against an employee who has:

    a. Filed a Workers Compensation claim in good faith;

    b. Hired a lawyer to represent the employee in a claim; and,

    c. Instituted or caused to be instituted a good faith proceeding under the act.

45. Upon learning of her filing a Workers Compensation Claim she was terminated.

46. As a result of the foregoing wrongful termination. Ms. Roberts has suffered damages, consisting of back pay, front pay, mental anguish, and attorney's fees.

## V.
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

47. Plaintiff further alleges an intentional infliction of emotional distress. The defendant knew, or should have known, that termination of employment and the conduct leading up to the termination would cause extreme emotional distress on the part of the Plaintiff.

# VI.
# DAMAGES

48. Defendant acted with sufficient malice and ill will as to terminate Ms. Roberts in clear violation of the law. As a result, Plaintiff seeks punitive damages.

49. Plaintiff has sustained lost earnings, including back pay, front pay, mental anguish and attorney's fees.

50. Plaintiff also seeks pre-judgment and post-judgment interest at the maximum rate allowed by law. All costs of court, and for such other and further relief as this Court may deem appropriate.

# VII.
# REQUEST FOR JURY TRIAL

Plaintiff in the above entitled and numbered cause hereby requests a jury trial.

# VIII.
# PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that Defendants be cited to appear and answer herein, that Roberts be provided a trial by jury to determine the issues submitted; and finally that judgment be rendered against Defendant's for:

- a. Mental anguish, humiliation and emotional distress under the
- b. Punitive damages for willful and malicious violations of the
- c. Compensatory damages for Roberts' state-based causes of action;
- d. Punitive damages for Robert's state-based causes of action;
- e. Damages from the discrimination treatment including all back pay, front pay, compensatory damages, promotional pay, employee benefits, including health

coverage, disability, and other insurance benefits, and other relief necessary to compensate her under the

f.  Reasonable and necessary attorneys' fees

g.  Prejudgment and postjudgment interest at the minimum rate allowed by law,

h.  Costs of court; and,

i.  for such other and further relief as this Court may deem appropriate.

Respectfully submitted,

By: _____
Julie B. Johnson
State Bar No. 10758900

**VAN WEY, JOHNSON & JUDIN, L.L.P.**

5910 North Central Expressway, Suite 1380
Dallas, Texas 75206
Phone: 214-265-7600
Facsimile: 214-265-7626

**COUNSEL FOR PLAINTIFF**